

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10   ANTHONY CUSHMAN, individually           Case No.: 3:23-cv-01798-BEN-DDL
     and on behalf of others similarly situated;   **CLASS ACTION**
11   and MARITZA HERNANDEZ,
12   individually and on behalf of other         **ORDER GRANTING PLAINTIFFS'**
     similarly situated,                          **MOTION TO REMAND**
13
                    Plaintiffs,
14
15   v.

16   PHYSICAL REHABILITATION
     NETWORK, LLC, a Delaware limited
17   liability company; HEALTHCARE
     EMPLOYEE SERVICES, LLC, a                  **[ECF No. 3]**
18   California limited liability company; and
19   DOES 1 through 50, inclusive,

20                    Defendants.

21

22        On July 21, 2023, Plaintiffs Anthony Cushman and Maritza Hernandez

23   ("Plaintiffs") filed a putative class action complaint in San Diego County Superior Court

24   against Defendants Physical Rehabilitation Network, LLC and Healthcare Employee

25   Services, LLC ("Defendants") alleging nine state law claims for various wage and hour

26   violations.  ECF No. 1-3.  On September 28, 2023, Defendant removed the action to this

27   Court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1453(b).

28

                                          1

Before the Court is Plaintiffs' Motion to Remand.  ECF No. 3.  Defendants filed an opposition to this motion.  ECF No. 4.  Plaintiffs submitted a reply.  ECF No. 5.  The briefing was submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1) and Rule 78(b) of the Federal Rules of Civil Procedure.  ECF No. 6.  The Court further ordered the parties to submit additional briefing.  ECF No. 11.  Both parties provided a response to this Order.  ECF Nos. 12-14.  After considering the applicable law and the parties' arguments, the Court **GRANTS** Plaintiffs' Motion to Remand.

## I. BACKGROUND

Plaintiff Anthony Cushman was employed by Defendants as a Patient Account Representative between June 2016 and February 11, 2021.  ECF No. 1-3, Complaint ¶ 19.  Plaintiff Maritza Hernandez was also employed by Defendants as a Patient Account Representative between 2014 and January 2023.  *Id*. ¶ 20.  Plaintiffs allege Defendants engaged in an ongoing and systematic scheme of wage abuse against their hourly-paid or non-exempt employees, violating California labor law requirements surrounding time keeping, meal and rest periods, overtime pay, and accurate wage statements.  *Id*. ¶ 24-43.  The Complaint does not estimate the number of potential class members, but defines the class as "[a]ll current and former non-exempt employees of any of the Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiffs' complaint…"  *Id*. ¶ 14.  The Complaint does not state an amount in controversy.

## II. LEGAL STANDARDS

A defendant in state court may remove a civil action to federal court so long as that case could originally have been filed in federal court.  28 U.S.C. § 1441(1); *City of Chi v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997).  Removal of a state action may be based on either diversity or federal question jurisdiction.  *City of Chi*, 522 U.S. at 163; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Generally, removal statutes are strictly construed, and removal jurisdiction is to be rejected in favor of remand if there

1   are doubts as to the right of removal. *Nev. v. Bank of Am. Corp.*, 672 F.3d 661, 667 (9th

2   Cir. 2012).

3        For cases removed under CAFA, there is no presumption against removal. *Dart*

4   *Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014).  CAFA vests

5   original jurisdiction in federal courts for class actions where the purported class is more

6   than 100 members, there is minimal diversity, and the amount in controversy exceeds

7   $5,000,000.  *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 684 (9th Cir. 2005).  Unlike the

8   complete diversity of citizenship required by 28 U.S.C. § 1332(a), CAFA requires only

9   "minimal diversity." *Bush*, 425 F.3d at 684.  This occurs when "any member of a class

10  of plaintiffs is a citizen of a State different from any defendant." *Ehrman v. Cox*

11  *Commc'n, Inc.*, 932 F.3d 1223, 1226 (9th Cir. 2019) (quoting 28 U.S.C. §

12  1332(d)(2)(A)).  The burden to prove the basis of removal remains with the party

13  invoking the court's jurisdiction. *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676,

14  684 (9th Cir. 2006).

### III. DISCUSSION

16       Plaintiffs make two arguments in their motion to remand.  ECF No. 3, Motion to

17  Remand ("Mot.").  First, they argue that Defendant's removal is untimely.  Mot. at 8-11.

18  Second, Plaintiffs argue Defendants have failed to properly establish the amount in

19  controversy exceeds $5,000,000.  Mot. at 12-21.

20  **A. Timeliness**

21       CAFA provides two timelines for removal: (1) during the first 30 days after the

22  defendant receives the initial pleading; or (2) during the first 30 days after the defendant

23  receives an amended pleading, motion, order, or other paper from which it may be first

24  ascertained that the case is one which is or has become removable. *Reyes v. Dollar Tree*

25  *Stores, Inc.*, 781 F.3d 1185, 1189 (9th Cir. 2015) (citing 28 U.S.C. § 1446(b)(1) and

26  (b)(3) (internal quotations removed)).

27       "The first time period under § 1446(b)(1) is triggered if the case stated by the

28  initial pleading is removable on its face and the second time period under § 1446(b)(3) is

3

1 triggered if the initial pleading does not indicate that the case is removable…" *Chi-Fu*

2 *Hsueh v. Bankers Life and Casualty Co.,* 421 F.Supp.3d 937, 941 (S.D. Cal. 2019) (citing

3 *Carvalho v. Equifax Info. Servcs., LLC,* 629 F.3d 876, 885 (9th Cir. 2010) (internal

4 quotations removed)). "[T]he ground for removal must be revealed affirmatively in the

5 initial pleading in order for the first thirty-day clock under § 1446(b) to begin." *Harris v.*

6 *Bankers Life and Casualty Co.*, 425 F.3d 689, 695 (9th Cir. 2005).

7 　　　　Plaintiffs argue Defendants' Notice of Removal is procedurally defective because

8 Defendants failed to remove the action within 30 days of receipt of the complaint. Mot.

9 at 9. Defendants argue their removal was timely because the Complaint does not clearly

10 state on its face grounds for removal. ECF No. 4, "Oppo." at 9-10. Defendants assert the

11 complaint alleged all parties were California citizens and did not state an amount in

12 controversy, and the question of removability required investigation. Oppo. at 9.

13 Defendants argue because the complaint did not "state grounds for removability on its

14 face", receipt of the complaint did not trigger the first 30-day time period. *Id.*

15 　　　　Plaintiffs' motion argues the complaint "unequivocally pled…that Defendants are

16 out of state limited liability companies." Mot. at 9. Defendants allege "the Complaint

17 (inaccurately) alleged the parties were all California citizens[.]" Oppo. at 9. Neither

18 characterization is completely accurate. The Complaint alleges that one Defendant,

19 Healthcare Employee Services LLC, is a California limited liability company and one

20 Defendant, Physical Rehabilitation Network LLC, is a Delaware limited liability

21 company. Compl. ¶¶ 8-9.

22 　　　　Additionally, Defendants argue the complaint does not estimate the number of

23 putative class members or state any amount in controversy. The Ninth Circuit has

24 repeatedly held, in different contexts, that defendants do not have a duty to investigate

25 within the first thirty-day window that which the complaint does not allege. *See Harris*,

26 425 F.3d at 695; *Roth v. CHA Hollywood Medical Center, L.P.*, 720 F.3d 1121, 1123-24

27 (9th Cir. 2013) (defendant could remove case outside of both thirty-day windows if it

28 discovers on its own investigation that case is removable). Here, Defendants were

required to investigate all three elements of jurisdiction under CAFA.  Although, noted below, parties dispute the applicable test for determining the Defendants' citizenship, for the purpose of Plaintiff's timeliness argument, the Court finds under *Harris* and *Roth*, Defendants' Notice of Removal was not untimely.

**B. Proof of Court's Jurisdiction**

In the Notice of Removal, Defendants indicate that Defendant Physical Rehabilitation Network LLC is a limited liability corporation organized under the laws of the state of Delaware, not California.  ECF No. 1, Notice of Removal ("NOR") ¶ 22.  The Notice of Removal states the citizenship of a limited liability company for the purposes of diversity jurisdiction is determined by the citizenship of its members.  NOR ¶ 20.  The NOR lists a series of member limited liability companies for both Defendants, ultimately arriving at PRN Intermediate Holdco, Inc., a Delaware corporation with its principal place of business in Texas.  NOR ¶¶ 22-24.  Accordingly, the Notice of Removal indicates both Defendants would be considered citizens of Delaware and Texas.  *Id.* ¶ 25.

However, Plaintiffs argue for the purposes of CAFA, a limited liability corporation is treated as an unincorporated association and accordingly "deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized."  ECF No. 5, "Reply" at 2 (citing 28 U.S.C. § 1332(d)(10)).  Plaintiff cites to persuasive authority from the Fourth and Seventh Circuits interpreting this clause.  Reply at 2-3 (citing *Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 699-700 (4th Cir. 2010) and *City of E. St. Louis, Illinois v. Netflix, Inc.*, 83 F.4th 1066, 1071 (7th Cir. 2023)).[1]

---

[1] *City of E. St. Louis, Illinois v. Netflix* cites to the Ninth Circuit opinion in *Abrego* as similarly deciding this issue.  *Id.* at 1071 (citing *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 684 (9th Cir. 2006)).  However, while *Abrego* notes departure from the traditional diversity rule codified in § 1332(d)(10), it does not address whether a limited liability company falls under this provision.  *See Abrego*, 443 F.3d at 684-85.  *Abrego*

Whether a limited liability company falls under this exception has not been squarely addressed by the Ninth Circuit. However, several district courts in this circuit, including this Court, have cited to *Ferrell* and found a limited liability company would fall under § 1332(d)(10). *Ramirez v. Carefusion Resources, LLC*, No. 18-cv-2852-BEN-MSB, 2019 WL 2897902 at *2-3 (S.D. Cal. Jul. 5, 2019); *see also Marroquin v. Wells Fargo, LLC*, No. 11-cv-163-L-BLM, 2011 WL 476540 at *2 (S.D. Cal. Feb. 3, 2011); *Jack v. Ring, LLC*, 553 F.Supp.3d 711, 714-16 (N.D. Cal. Aug. 10, 2021). Additionally, in *Jack*, at least one judge agreed that a limited partnership should be considered an unincorporated association under CAFA. *Id.* at 715 (citing *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1032 & n.13 (9th Cir. 2009) (Kleinfeld, J., concurring) (applying § 1332(d)(10)).

Given the above, the Court ordered both parties to brief the issue of Defendants' principal place of business. ECF No. 11. Unfortunately, neither party directly responded to the Court's order. Instead, Defendants reprised their argument that citizenship of a limited liability company is determined by the citizenship of its members. ECF No. 12 at 4. Defendants did not acknowledge *Davis*, *Ramirez*, or § 1332(d)(10) in their additional brief. Plaintiffs also did not address the issue of Defendants' principal place of business, choosing to reprise arguments from their motion that the Defendants' removal was untimely. ECF No. 14 at 2-4. However, it is the Defendants in this case, not Plaintiffs, who carry the burden to demonstrate this Court's jurisdiction. *Abrego*, at 686 (CAFA "does not alter the longstanding rule that the party seeking federal jurisdiction on removal bears the burden of establishing that jurisdiction.").

## IV. CONCLUSION

Given no evidence was presented regarding the location of Defendants' principal place of business, the Court finds the Defendants have not properly carried their burden

---

was primarily concerned with the question of whether CAFA shifted the burden of proof on removal. *Id*.

to demonstrate this Court's jurisdiction under CAFA.  For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion to Remand and **ORDERS** this case **REMANDED** back to San Diego County Superior Court.

**IT IS SO ORDERED.**

Dated: June 18, 2024

HON. ROGER T. BENITEZ
United States District Judge